IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JOHN BROWN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **Case No. 17-2344** |
| **UNITED STATES OF AMERICA and** ) | |
| **MARK WISNER, P.A.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff John Brown brings this case against defendants United States of America and Mark Wisner, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, alleging that Wisner conducted improper and/or unnecessary physical examinations of plaintiff, subjected plaintiff to inappropriate sexual comments, and solicited sexual acts. This matter is before the court on defendant United States of America's Motion to Dismiss (Doc. 6). Defendant argues that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). For the reasons set forth below, the court denies defendant's motion.

Plaintiff is a veteran who sought treatment at the Dwight D. Eisenhower VA Medical Center ("VA") located in Leavenworth, Kansas. Wisner treated and provided medical care for plaintiff. Wisner was a physician's assistant ("PA") for the VA, and is a defendant in more than eighty pending civil suits before this court.

The claim in this case—one for negligence—is similar to one in a number of other cases this court has considered. *See, e.g.*, *Anasazi v. United States*, No. 16-2227-CM, 2017 WL 2264441, at *1–*2 (D. Kan. May 23, 2017); *Doe D. E. v. United States*, No. 16-2162-CM, 2017 WL 1908591, at *1–

*2 (D. Kan. May 10, 2017). Likewise, the court has set forth the governing legal standards in a number of other cases involving the same parties and similar claims. The court does not repeat them here, but applies them as it has in the past. *See, e.g.*, *Anasazi*, 2017 WL 2264441, at *2; *Doe D. E.*, 2017 WL 1908591, at *2.

The court is not entirely clear whether plaintiff intends to bring a negligence claim under theories of both respondeat superior and negligent supervision, or only for negligent supervision. Defendant has addressed the claim as if it is for both, and plaintiff responds as if it is both. The court will address the claim as such.

To the extent that plaintiff intends to hold defendant liable under the theory of respondeat superior, the court's analysis in other similar cases applies here. *See, e.g.*, *Anasazi*, 2017 WL 2264441, at *4–*5; *Doe D. E.*, 2017 WL 1908591, at *3–*4. The court allows the claim to proceed, at least as to plaintiff's allegations of inappropriate sexual comments and inappropriate physical exams. The court incorporates by reference the analysis it has used previously.

As for the negligent supervision claim, the court also has allowed this claim to proceed in other similar cases. *See, e.g.*, *Doe NQ v. United States*, No. 17-2187, 2017 WL 4516856, at *4 (D. Kan. Oct. 10, 2017); *Anasazi*, 2017 WL 2264441, at *7; *Doe D. E.*, 2017 WL 1908591, at *6. For the reasons set forth fully in these other cases, defendant's motion is denied with respect to plaintiff's claim for negligent supervision.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. 6) is denied.

Dated this 6th day of December, 2017, at Kansas City, Kansas.

**s/ Carlos Murguia**  
**CARLOS MURGUIA**  
**United States District Judge**